IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHALYCE PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. CIV-13-450-R |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income payments (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff's SSI application was denied initially and on reconsideration at the administrative level. At her request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision on September 9, 2011 (TR. 11-19).

Plaintiff appealed the ALJ's unfavorable decision to the Social Security Appeals Council, submitting a letter from her representative as well as additional medical evidence, some of which was considered by the Appeals Council and added to the administrative record and some of which was not. The Appeals Council's decision to consider and include in the administrative record the medical records from the Red Rock Behavioral Health Services clinic, spanning the period of time between August 15, 2011, and May 30, 2012, indicates that the Appeals Council found these medical records to be new, material and relevant to the period on or before the ALJ's decision. *See* Exhibit 11F (TR. 301-310). After considering the new records from Red Rock, the Appeals Council found that the records did not provide a basis for changing the ALJ's decision (TR. 2).

In addition to the medical records from Red Rock, Plaintiff submitted the results of an MRI from Mercy Health Center, dated November 14, 2011, and a letter from her new treating physician, Dr. Larry Ruffin, dated August 21, 2012. The Appeals Council determined the MRI and the letter should not be considered or added to the administrative record because they were not relevant to the period of time on or before the time of the ALJ's decision. Therefore, the Appeals Council returned the evidence to Plaintiff, advising her that she would need to file a new claim alleging disability after September 9, 2011, in order to have the letter from Dr. Ruffin and the MRI considered as evidence of disability (TR. 2). The Appeals Council also advised Plaintiff of her right to seek judicial review of the ALJ's September 9, 2011 decision. Plaintiff chose to seek judicial review rather than submit a new application.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). Therefore, "in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.2d 1007. 1010 (10th Cir. 1996).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's SSI application, the ALJ followed the sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the date of her application (TR. 13).

At step two, the ALJ determined that Plaintiff has severe mental impairments consisting of affective disorder, schizophrenia and anxiety (TR. 13). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can only perform simple routine tasks, and is limited in relating to the general public

(TR. 15).

At the second phase of step four, the ALJ determined that Plaintiff could perform her past relevant work as small parts assembler and "bakery cover" (TR. 18). Alternatively, the ALJ found at step five of the sequential evaluation that Plaintiff can perform other jobs existing in significant numbers in the national economy such as bottling line attendant, candy spreader and routing clerk (TR. 19).

4

**ISSUES FOR REVIEW**

Plaintiff first challenges the ALJ's step-four findings.[1] Plaintiff contends that the administrative record submitted by the Commissioner is incomplete because it does not contain the letter from Dr. Ruffin and the MRI report, both of which the Appeals Council returned to Plaintiff. Plaintiff also contends that the ALJ failed to apply the correct legal standard in considering the opinions of the nurse practitioner who treated Plaintiff at the Mary Mahoney Health Center before Dr. Ruffin became Plaintiff's treating physician. Finally, Plaintiff challenges the ALJ's RFC findings as unsupported by substantial evidence.

**ANALYSIS**

**I.    The Record Submitted by the Appeals Council**

Plaintiff contends that the administrative record is incomplete because the Appeals Council did not add the letter from Dr. Ruffin and the results of an MRI to the administrative record. But under the regulations and Tenth Circuit case law, the Appeals Council need not, indeed must not, indiscriminately consider and add to the record every piece of evidence submitted by a claimant. If the new evidence relates to a period of time after the ALJ's final decision, the Appeals Council must not consider the evidence. In *Chambers v. Barnhart*, 389 F.3d 1139 (10th Cir. 2004), the Tenth Circuit summarized the relevant principles applicable to determining admissibility of such evidence. The Appeals Council must consider evidence submitted with a request for

---

[1]    Both parties agree that the ALJ's step-four decision was erroneous because, during the relevant period, Plaintiff never worked at a job long enough for it to qualify as "past relevant work" as defined by the Social Security regulations. Therefore, the court need not consider Plaintiff's first assignment of error. The ALJ's alternative step-five finding renders the step-four erroneous finding harmless.

review "if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision" *Chambers* at 1142 (internal quotations and citations omitted). *See also* 20 C.F.R. § 416.1470(b). If the Appeals Council finds the evidence is new, material and chronologically relevant *and* considers the evidence in determining whether the ALJ's decision should be subjected to their review, the evidence is included in the administrative record, even if the Appeals Council ultimately finds no reason under their rules to review the ALJ's decision.[2] If the reviewing court agrees with the Appeals Counsel that the evidence is new, material and chronologically relevant, the evidence is considered by the court in determining the substantiality of the evidence supporting the ALJ's decision.

If the evidence qualifies as new, material, and chronologically relevant, but the Appeals Council fails to consider it, the case should be remanded for further proceedings. *Id. See also Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at **1–2 (unpublished op.).

If the Appeals Council finds the evidence does not qualify as new, material and chronologically relevant, the evidence plays no further role in the judicial review of the Commissioner's decision. The regulations address the responsibility of the Appeals Council when it determines that newly-submitted evidence does not relate to the period of time on or before the date the of the ALJ's decision:

---

[2] Whether the evidence is new, material and chronologically relevant is a question of law. If the Appeals Council determines the evidence meets the criteria for admission, that decision is subject to *de novo* review on appeal. *Id. See also Wilson v. Apfel*, 215 F.3d 1338, 2000 WL 719457, at **2 (10th Cir. June 5, 2000) (unpublished op.) (*citing Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

6

> If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence.

20 C.F.R. § 416.1476(b).

In this case, the Appeals Council "looked at" the new evidence presented on appeal and determined that the "new information is about a later time[,]" and, therefore "it does not affect the decision about whether [Plaintiff was] disabled beginning on or before September 9, 2011." (TR. 2). Following the regulations, the Appeals Council returned the evidence to Plaintiff. The Appeals Council did not err in its treatment of the new evidence submitted by Plaintiff with her appeal, and this Court is not authorized to engage in review of the evidence returned to Plaintiff by the Appeals Council. Accordingly, Plaintiff's contention that the administrative record is incomplete is simply wrong as a matter of law.

## II. The ALJ's Analysis of Opinions of Nurse Practitioner

Plaintiff's primary care giver between 2009 and 2011 was Lara Easterwood, a nurse practitioner at the Mary Mahoney Memorial Health Center. On September 13, 2010, Ms. Easterwood completed a Treating Physician Mental Functional Assessment Questionnaire in which she diagnosed Plaintiff with anger and paranoid schizophrenia (TR. 253). She stated that Plaintiff's symptoms are exacerbated by "unfamiliar surroundings and interactions" (*id.*). She described Plaintiff's symptoms as anger, aggression, paranoid thoughts, irrational behaviors, inability to cope in stressful

situations. She also noted that Plaintiff easily becomes physically aggressive with mild confrontations (*id.*).

Although the ALJ properly noted that a nurse practitioner's opinion does not qualify as that of a "treating physician," he did not, as Plaintiff suggests, reject Ms. Easterwood's opinion outright. *See* Plaintiff's Opening Brief at 21. Nurse practitioners are among a group of health-care providers called "other" medical sources from whom the Commissioner will accept and use evidence showing the severity of a claimant's impairment(s) and how the impairment(s) affects claimant's ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). Applying the regulations, a nurse practitioner is an "other" medical source, not an "acceptable medical source" or a "treating source." *Id.* §§ 404.1502, 404.1513, 404.1527, 416.902, 416.913, 416.927. Therefore, a nurse practitioner's opinion is not, strictly speaking, a "medical opinion," and is never entitled to controlling weight. *Id.* §§ 404.1527(d)(2), 416. 927(d)(2).

Recognizing the reality that an increasing number of claimants have their medical care provided by health care providers who are not "acceptable medical sources" --- nurse practitioners, physician's assistants, social workers, and therapists, the Commissioner promulgated SSR 06–3p which explains that where a treating source opinion is not given controlling weight, opinions of nurse practitioners will be evaluated using the regulatory factors for evaluating medical opinions. *Id.* The ruling explains that the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the ... decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when

such opinions may have an effect on the outcome of the case." *Id. see also, Frantz v. Astrue,* 509 F.3d 1299, 1300 (10th Cir.2007)(remanding for consideration of a nurse practitioner's opinions in light of SSR 06–3p).

In this case, the ALJ considered the "other source" opinions of the nurse practitioner and explained the weight he gave the opinion evidence:

> As for the opinion evidence, great weight was given to the opinion of Dr. [Rodgers], the state agency expert. Both opinions are consistent with the longitudinal evidence of record and not contradicted by any treating source opinion. The opinion of Ms. Easterwood is given weight to the extent it is consistent with the above residual functional capacity. It must be noted that Ms. Easterwood is not an accepted medical professional regarding treating source opinions

(TR. 17). The ALJ properly considered the opinion evidence. He did not reject the opinion of Ms. Easterwood; he merely noted, correctly, that under the regulations, Ms. Easterwood's opinion was not subject to the same analysis that a treating physician's opinion would be given, and her opinions were not presumptively entitled to controlling weight as they would have been had she been an "accepted medical source."

## II. **The ALJ's RFC Assessment**

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence. Plaintiff's argument relies, in part, on the alleged contents of Dr. Ruffin's letter which was rejected by the Appeals Council and returned to Plaintiff. Because this evidence was properly returned to Plaintiff, as discussed previously, it is not part of the administrative record and plays no further part in judicial review of the Commissioner's

final decision. Plaintiff also reiterates her argument concerning the weight given to Ms. Easterwood's opinion. This argument has already been considered and rejected.

Plaintiff further contends that the RFC is not supported by the findings of Dr. Kara Rodgers, a licensed psychologist. Dr. Rodgers' report of her evaluation of Plaintiff repeatedly refers to information coming directly from Plaintiff, herself, and Dr. Rodgers states her diagnostic impressions "are based solely upon the client's clinical presentation, reported complaints, and reported/documented history." *See* Clinical Interview and Mental Status Exam (TR. 229-232). Dr. Rodgers states,

> Overall, Ms. Parks seems to be functioning poorly on a psychological basis. She endorsed several symptoms of depression, which seems to be moderate in nature. She also endorsed significant anxiety, specifically worry and stress related to anxiety, as well as social anxiety. Ms. Parks reported some psychotic symptoms as well, but her presentation was not consistent with one who has a thought disorder

(TR. 230). Dr. Rodgers' report does not delineate limitations greater than those found in the ALJ's RFC.

Finally, Plaintiff contends that the RFC does not accurately reflect the opinion of Dr. Hartley, the agency doctor, who opined that Plaintiff had moderate limitations in all areas of functioning. But Dr. Hartley also opined that Plaintiff could perform simple routine tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, and could adapt to a work situation. The most significant limitation Dr. Hartley found was Plaintiff's inability to relate to the general public (TR. 233-249). These are precisely the limitations the ALJ included in the RFC, and the ALJ

considered the RFC in determining what jobs the Plaintiff could still do. The ALJ's RFC formulation is, therefore supported by sufficient evidence in the record as a whole.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **June 6, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 23, 2014.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE